IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-475-DWD |
| | ) |
| $280,025.00 IN UNITED STATES CURRENCY and $23,450.00 IN UNITED STATES CURRENCY, | ) ) ) |
| | ) |
| Defendants, | ) |
| _____ | ) |
| | ) |
| SAMVEL ASILYAN, and EMIN MARTIROSYAN, | ) ) |
| | ) |
| Claimants. | ) |

**STIPULATED ORDER FOR FORFEITURE AND FOR RETURN OF PROPERTY**

**DUGAN, District Judge:**

This matter comes before the Court on the United States of America's motion for entry of stipulated order of forfeiture (Doc. 34). The Court **GRANTS** the motion, to which Claimants Samvel Asilyan and Emin Martirosyan do not object. Upon stipulation by the United States of America by and through its attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Adam E. Hanna, Assistant United States Attorney, and Mr. Jilbert Tahmazian, attorney for Claimants Samvel Asilyan and Emin Martirosyan, the Court hereby **FINDS** and **ORDERS** as follows:

1. On May 13, 2021, the United States filed a *Verified Complaint for Forfeiture* (Doc.1) against $280,025.00 in United States currency and $23,450.00 in United States

currency in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure and pursuant to 21 U.S.C. § 881(a)(6).

2.      The Court issued an arrest warrant *in rem* to be executed by the United States Marshal against the $280,025.00 in United States currency and $23,450.00 in United States Currency on June 1, 2021 (Docs. 6 and 5, respectively).  In accordance with 28 U.S.C. § 1355(d) and Fed. R. Civ. P. Supp. G(3)(c), the United States Marshal returned the executed arrest warrant with respect to the currency on June 30, 2022 (Doc. 23).

3.      On May 26, 2021, the United States sent notice of this action to all potential claimants by U.S. mail and by certified mail, including Mr. Jilbert Tahmazian, attorney for Samvel Asilyan and Emin Martirosyan, Samvel Asilyan, and Emin Martirosyan (Doc. 4).  Further, in accordance with Rule G(5), the United States published notice of this forfeiture action on an official government website (www.forfeiture.gov), directing that any claims be filed in accordance with Rule G(5) (Doc. 24).

4.      Samvel Asilyan and Emin Martirosyan, through their attorney, Jilbert Tahmazian filed a verified claim to the subject property (Doc. 10).

5.      That no other persons, or entities have filed a claim of right, title, or interest in the $280,025.00 in United States currency or $23,450.00 in United States Currency, and the court has defaulted all other parties except for Claimants Samvel Asilyan and Emin Martirosyan (Doc. 26).

6.      The Government and Claimants have agreed to settle this case on the terms

and conditions set forth below upon approval of the Court.

7. In full settlement of all claims by Claimants Samvel Asilyan and Emin Martirosyan to the defendant seized currency, the plaintiff United States agrees to return $106,261.25. The funds shall be returned to the Claimants payable to their attorney's client trust account in full satisfaction of any and all claims arising out of the seizure of the defendant funds.

8. Claimants acknowledge that the returned funds may be subject to offset as required by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, and further acknowledge that the terms of this agreement do not affect existing tax obligations, fines, penalties, or any other monetary obligations Samvel Asilyan or Emin Martirosyan might owe to the United States of America.

9. The parties further agree that the remaining $197,213.75 of the defendant seized currency, claimed by Claimants shall be forfeited to the United States, and the $197,213.75 is hereby ordered so forfeited.  The United States Marshal shall dispose of the $197,213.75 pursuant to law.

10. In accordance with the provisions of 28 U.S.C. § 2465 governing return of property, liability for wrongful seizure, and attorney fees, costs, and interest, Claimants agree that there was a "reasonable cause" to seize the subject property and that Claimants have not "substantially prevailed" under the definition therein.

11. Claimants admit no wrongdoing in connection with the seizure described

herein but enter into this agreement for the purpose of avoiding protracted litigation.

12. In consideration of the promises described herein, Claimants release and forever discharge the United States of America, its agents and employees, and any state or local authorities, from any and all claims, suits, or demands made upon them, of whatever nature, arising out of, or related in any way to, the investigation, seizure, detention, or release of any part of the subject property.

**SO ORDERED.**

Dated: January 5, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge


AGREED:

*/s/ Samvel Asilyan w/consent*
SAMVEL ASILYAN

*/s/ Emin Martirosyan w/consent*
EMIN MARTIROSYAN


*/s/ Jilbert Tahmazian w/consent*
JILBERT TAHMAZIAN
Attorney for Claimants

*/s/ Adam E. Hanna*
ADAM E. HANNA
Assistant United States Attorney

4